UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

RAYMOND CHEVANNES,

                               Plaintiff,       **AMENDED COMPLAINT**

        -against-                    14 Civ. 0102 (JPO) (HP)

THE CITY OF NEW YORK, P.O. MICHAEL NESTLER,    **JURY TRIAL DEMANDED**
P.O. DENNIS O'SULLIVAN, P.O. PAUL MARTINEZ,
P.O. AURCLIEN JEANTY, P.O. ALEJANDRO COLON,
P.O. JEREMIAH WILLIAMS, and P.O.s  JOHN and
JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                               Defendants.

----------------------------------------------------------------------X

      Plaintiff RAYMOND CHEVANNES, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§  1331 and 1343.

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff RAYMOND CHEVANNES is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants P.O. MICHAEL NESTLER, P.O. DENNIS O'SULLIVAN, P.O. PAUL MARTINEZ, P.O. AURCLIEN JEANTY, P.O. ALEJANDRO COLON, P.O. JEREMIAH WILLIAMS, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## INCIDENT FACTS

13. On February 7, 2012, at approximately 12:30 p.m., plaintiff RAYMOND CHEVANNES was lawfully present on the corner of E. 217th Street and Paulding Avenue, in the County of Bronx, City and State of New York.

14. At aforesaid time and place, plaintiff RAYMOND CHEVANNES did not possess or sell crack cocaine or any other unlawful substance, did not participate in any such sale, and did not participate in any other unlawful act whatsoever.

15. At aforesaid time and place, plaintiff RAYMOND CHEVANNES was not behaving in a manner that would suggest to any reasonable police officer that plaintiff possessed or sold crack cocaine or any other unlawful substance, participated in any such sale, or participated in any other unlawful act whatsoever.

16. Nonetheless, at aforesaid time and place, defendants suddenly accosted plaintiff RAYMOND CHEVANNES.

17. Plaintiff RAYMOND CHEVANNES did not resist arrest and did not behave in a manner that would suggest to any reasonable police officer that plaintiff was resisting arrest.

18. Defendants threw plaintiff RAYMOND CHEVANNES to the ground and kicked him in his face and back.

19. As a result of this unprovoked assault, plaintiff RAYMOND CHEVANNES sustained injuries to his face and back.

20. Defendants handcuffed plaintiff RAYMOND CHEVANNES and placed him under arrest on narcotics charges and for resisting arrest, despite defendants' knowledge that they lacked probable cause to do so.

21. Defendants transported plaintiff RAYMOND CHEVANNES to the 47th Precinct of the New York City Police Department in Bronx, New York.

22. While at the precinct, plaintiff RAYMOND CHEVANNES was subjected to an unlawful strip search.

23. While plaintiff RAYMOND CHEVANNES was in custody, defendants unlawfully searched his apartment.

24. Defendants falsely claimed to have recovered drugs from plaintiff RAYMOND CHEVANNES' apartment.

25. Defendants transported plaintiff RAYMOND CHEVANNES from the 47th Precinct to Bronx Central Booking.

26. Bronx Central Booking refused to accept plaintiff RAYMOND CHEVANNES because of the severity of his injuries, and so he was transported to Jacobi Hospital.

27. Plaintiff RAYMOND CHEVANNES was transported back to Bronx Central Booking and was finally brought to court and arraigned.

28. At plaintiff RAYMOND CHEVANNES's arraignment, bail was set because of defendants' false statements.

29. Plaintiff RAYMOND CHEVANNES was unable to make bail and therefore remained in custody for an additional period of time.

30. Defendants initiated criminal proceedings against plaintiff RAYMOND CHEVANNES despite defendants' knowledge that they lacked probable cause to do so.

31. During the period between February 7, 2012 and October 23, 2012, plaintiff RAYMOND CHEVANNES was required to make multiple court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

32. On or about October 23, 2012, all charges against plaintiff RAYMOND CHEVANNES were dismissed on motion of the District Attorney's Office.

33. As a result of the foregoing, plaintiff RAYMOND CHEVANNES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## **MONELL FACTS**

34. Both before and after the arrest of plaintiff RAYMOND CHEVANNES, a custom and practice of lawlessness and corruption pervaded NYPD narcotics operations.

35. As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff RAYMOND CHEVANNES without probable cause and to manufacture evidence against him.

36. This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

37. The on-going custom and practice in making unlawful and fraudulent narcotics arrests was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

38. On May 29, 2013, P.O. Isaias Alicea was convicted of ten felony counts of filing a false document and one misdemeanor count of official misconduct after falsely claiming that he saw two men conducting a drug deal in West Harlem.

39. On October 29, 2013, Det. Abel Joseph was indicted for perjury based upon his testimony concerning a drug deal that he supposedly witnessed in East Harlem.

40. Upon information and belief, because of the custom and practice of corruption and lawlessness by NYPD narcotics officers, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

41. Both before and after the arrest of plaintiff RAYMOND CHEVANNES, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

42. The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information provided by police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews, from audiotapes secretly recorded at the 81st Precinct in September 2010, and from testimony by P.O. Bryan Rothwell at his departmental trial in January 2014

43. The existence of quotas may also be inferred from the facts set forth in the Second Amended Complaint in *Floyd v. City of New York*, 08 Civ. 1034 (SAS); from Judge Scheindlin's Opinion & Order in *Floyd* dated May 16, 2012, granting class certification; and from testimony and exhibits introduced by the plaintiffs in *Floyd* during the trial of that matter.

44. On August 9, 2013, former NYPD officer Genaro Morales testified that he and other members of his Bronx Narcotics team fabricated stories about narcotics possession and sale in order to meet arrest quotas.

45. Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff RAYMOND CHEVANNES without probable cause and to manufacture evidence against him.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

47. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

48. All of the aforementioned acts deprived plaintiff RAYMOND CHEVANNES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. As a result of the aforesaid conduct by defendants, plaintiff RAYMOND CHEVANNES was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

54. As a result of the foregoing, plaintiff RAYMOND CHEVANNES's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

**THIRD CLAIM FOR RELIEF**
**UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983**

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants strip-searched plaintiff RAYMOND CHEVANNES in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

57. As a result of the foregoing, plaintiff RAYMOND CHEVANNES was subjected to an illegal and improper strip search.

58. Defendants conducted illegal searches of plaintiff RAYMOND CHEVANNES' apartment.

59. The foregoing unlawful searches violated plaintiff RAYMOND CHEVANNES' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants issued legal process to place plaintiff RAYMOND CHEVANNES under arrest.

62. Defendants arrested plaintiff RAYMOND CHEVANNES in order to obtain a collateral objective outside the legitimate ends of the legal process.

63. Defendants acted with intent to do harm to plaintiff RAYMOND CHEVANNES without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff RAYMOND CHEVANNES' constitutional rights.

66. As a result of the aforementioned conduct of defendants, plaintiff RAYMOND CHEVANNES was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants misrepresented and falsified evidence before the District Attorney.

69. Defendants did not make a complete and full statement of facts to the District Attorney.

70. Defendants withheld exculpatory evidence from the District Attorney.

71. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff RAYMOND CHEVANNES.

72. Defendants lacked probable cause to initiate criminal proceedings against plaintiff RAYMOND CHEVANNES.

73. Defendants acted with malice in initiating criminal proceedings against plaintiff RAYMOND CHEVANNES.

74. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff RAYMOND CHEVANNES.

75. Defendants lacked probable cause to continue criminal proceedings against plaintiff RAYMOND CHEVANNES.

76. Defendants acted with malice in continuing criminal proceedings against plaintiff RAYMOND CHEVANNES.

77. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

78. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff RAYMOND CHEVANNES' favor on October 23, 2012 when all charges against him were dismissed on motion of the District Attorney's Office.

### SEVENTH CLAIM FOR RELIEF
### DENIAL OF DUE PROCESS VIA FABRICATION OF EVIDENCE /
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants created false evidence against plaintiff RAYMOND CHEVANNES.

81. Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

82. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

83. In creating and forwarding false information to prosecutors, defendants violated plaintiff RAYMOND CHEVANNES' constitutional right to due process and to a fair trial under the Sixth Amendment and the Due Process Clause of Fourteenth Amendment of the United States Constitution.

### EIGHTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Each and every individual defendant had an affirmative duty to intervene on plaintiff RAYMOND CHEVANNES' behalf to prevent the violation of his constitutional rights.

86. The individual defendants failed to intervene on plaintiff RAYMOND CHEVANNES' behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

87. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and excessive force.

### NINTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendants arrested, incarcerated, and prosecuted plaintiff RAYMOND CHEVANNES in the absence of any evidence of criminal wrongdoing, notwithstanding their

knowledge that said arrest, incarceration, and prosecution would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

90. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

91. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

92. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

   c) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

93. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the facts set forth in the complaints in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457;

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Charles Gaylord v. City of New York,** United States District Court, Southern District of New York, 12 Civ. 5905;

- **Leslie McDonald v. City of New York,** United States District Court, Eastern District of New York, 12 CV 3778;

- **Robert Birch v. City of New York,** United States District Court, Eastern District of New York, 10 CV 1584;

- **David Barker v. City of New York,** United States District Court, Eastern District of New York, 09 CV 5610;

- **Nathaniel McClary v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5359;

- **Michael Torres v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5361;

- **Ronald Rose v. City of New York,** United States District Court, Eastern District of

New York, 10 CV 3069;

- **Roddrick Ingram v. City of New York,** United States District Court, Eastern District of New York, 11 CV 2696; and

- **Peter Miller v. City of New York,** United States District Court, Eastern District of New York, 11 CV 4757.

94. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff RAYMOND CHEVANNES.

95. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RAYMOND CHEVANNES as alleged herein.

96. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff RAYMOND CHEVANNES as alleged herein.

97. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RAYMOND CHEVANNES was falsely arrested and incarcerated and maliciously prosecuted.

98. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff RAYMOND CHEVANNES.

99. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RAYMOND CHEVANNES' constitutional

rights.

100. All of the foregoing acts by defendants deprived plaintiff RAYMOND CHEVANNES of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unlawful search;

    D.    To be free from unwarranted and malicious criminal prosecution;

    E.    To be free from malicious abuse of process;

    F.    Not to have excessive force imposed upon him;

    G.    Not to have cruel and unusual punishment imposed upon him; and

    H.    To receive equal protection and due process under the law.

101. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff RAYMOND CHEVANNES demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
             May 12, 2014

                                                      _____/s_____
                                                      ROSE M. WEBER (RW 0515)
                                                      30 Vesey Street, Suite 1801
                                                      New York, NY 10007
                                                      (212) 748-3355